**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IVAN COLLIER<br>15134 Carter Road<br>Philadelphia, Pennsylvania 19116<br><br>*Plaintiff,*<br>v.<br><br>PHILADELPHIA SCHOOL DISTRICT<br>440 North Broad Street<br>Philadelphia, PA 19130<br><br>*Defendants.* | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Ivan Collier (hereinafter referenced as "Plaintiff") has initiated the instant action to recover damages for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and other applicable federal and state law by Defendant School District of Philadelphia (hereinafter referenced as "Defendant").

### II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual with an address as captioned above.

4. Defendant is the eighth largest public school district in the United States.

5. Defendant maintains over 18,000 employees and serves over 200,000 students.

6. At all times relevant hereto, Defendant acted through its agents, servants, and employees, each of whom was in the course and scope of their employment.

### III.  Jurisdiction and Venue

7. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

8. The Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under Federal law (including Title VII of the Civil Rights Act of 1964).

10. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendant resides in and/or conduct business in this judicial district; and (b) because the acts and omissions giving rise to the claims set forth herein, including specifically: (i) Plaintiff's employment with Defendants; and (ii) the adverse employment actions carried out by Defendant against Plaintiff occurred exclusively in this judicial district.

### IV. Exhaustion of Administrative Remedies

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff has exhausted the administrative remedies required for proceeding with his claims under Title VII of the Civil Rights Act of 1964 (Count One herein).

14. Plaintiff filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission asserting claims of religious discrimination and retaliation at Charge No. 530-2022-00951.

15. The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on December 23, 2022.

16. The instant action has been commenced within ninety (90) days of the receipt of the foregoing Notice of Right to Sue.

## V. Factual Background

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18. Plaintiff holds sincere Christian religious beliefs.

19. Plaintiff was formerly employed by Defendant as a middle school teacher.

20. Plaintiff was discharged from his employment with Defendant because of his sincerely held Christian religious beliefs, and denied an accommodation for those beliefs.

21. Plaintiff's employment was terminated because his religious beliefs conflicted with Respondent's Policy 252, a pro-LGBTQ policy.

22. Plaintiff's employment was terminated because he complained of the foregoing and because he had a religious objection to instructing young students about gender-based and sexual behavior he found objectionable based on his Christian religious faith and/or because it was religiously objectionable to him to refer to students in a manner not corresponding to their birth gender.

23. Policy 252 violates the rights of Plaintiff and other Christian teachers and is therefore discriminatory and unlawful.

24. By way of example, Policy 252 states that " . . . the intentional or persistent refusal to respect a student's gender identity (for example, intentionally referring to the student by a

3

name or pronoun that does not correspond to the student's gender identity) is a violation of this policy."

25. Policy 252 contains no exemption or accommodation to account for the religious beliefs of teachers.

26. Defendant made no effort to accommodate Plaintiff's religious beliefs despite knowledge of same.

27. Plaintiff was subjected to discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

### Count One
### Title VII of the Civil Rights Act of 1964
### Religious Discrimination and Retaliation

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Defendant terminated Plaintiff's employment because of his sincerely-held religious beliefs and because of his objections to the foregoing policy.

30. Plaintiff was subjected to the foregoing actions because of his sincerely held Christian religious beliefs and because of his complaints that Defendant was violating same.

31. Defendant's actions as aforesaid violated Title VII of the Civil Rights Act of 1964.

    WHEREFORE, Plaintiff respectfully requests the Court to grant him the relief requested in the *Ad Damnum* clause below.

### Count Two
### 42 U.S.C. 1983
### First and Fourteenth Amendment Violations

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. The "free exercise clause" of the First Amendment states, in pertinent part, that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const., amend. I.

34. The First Amendment is incorporated by the Fourteenth Amendment and applies to state and local governments, including public school districts. *See Cantwell v. Connecticut,* 310 U.S. 296, 303, 60 S. Ct. 900, 84 L. Ed. 1213 (1940).

35. The fundamental principle of the free exercise clause is that government commit itself to religious tolerance. *Masterpiece Cakeshop Ltd. v. Colo. Civ. Rts. Comm'n,* 138 S. Ct. 1719, 1731, 201 L. Ed. 2d 35 (2018).

36. Defendant was a state actor at all times relevant herein.

37. In firing Plaintiff and refusing to accommodate his genuinely held Christian religious beliefs, Defendant violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

38. Defendant's promulgation and enforcement of Policy 252 unconstitutionally burdened Plaintiff's free exercise of his religious beliefs.

WHEREFORE, Plaintiff respectfully requests the Court to grant him the relief requested in the *Ad Damnum* clause below.

### *AD DAMNUM* CLAUSE

A. That a judgment be entered against Defendant on the claims set forth herein;

B. That Plaintiff be awarded actual damages, including lost pay and damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant;

C. That Plaintiff be awarded punitive damages in an amount believed by the trier of fact to appropriately punish Defendant for its willful, malicious, deliberate, and outrageous conduct and to deter it from engaging in future misconduct;

D. That Plaintiff be granted all other legal, equitable or injunctive relief the Court deems just and proper, including but not limited to an Order declaring Policy 252 unlawful in that it violates the religious beliefs of Christian teachers;

E. That Plaintiff is to be awarded the costs and expenses of this action;

F. That Plaintiff be awarded reasonable attorneys' fees;

G. That Plaintiff's claims against Defendant be tried to a jury to the extent permitted by applicable law.

          Respectfully submitted,

          WAYNE A. ELY

BY:   /S/   Wayne A. Ely
       Wayne A. Ely, Esquire
       Attorney for Plaintiff
       59 Andrea Drive
       Richboro, Pennsylvania 18954
       (215) 801-7979

March 2, 2023